**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **3DNS,INC.**<br>            Plaintiff, | Civ. Case No. 26-cv-01101 (SCC) |
| Vs. | Re: **Breach of Contract; Tort, Unjust Enrichment** |
| **WOW.AI, LLC., RICHARD LATONA, SCOTT WALKER**<br>Defendants | |

**MOTION FOR A MORE DEFINITE STATEMENT UNDER FRCP 12(e)**

**MAY IT PLEASE THE COURT:**

COME NOW, codefendant WOW.AI LLC, ("WOW"), pursuant to Federal Rule of Civil Procedure 12(e), respectfully move this Honorable Court for an order requiring Plaintiff 3DNS, Inc. ("3DNS") to provide a more definite statement of its Complaint. In support thereof, Defendants state as follows:

**I. INTRODUCTION**

Plaintiff's Complaint contains material inconsistencies that render it vague and ambiguous, thereby preventing WOW from reasonably preparing a responsive pleading. In particular, Paragraphs 4 and 24 of the Complaint are internally inconsistent as to the identity of the party that allegedly holds or was entitled to WOW.AI LLC membership units.

Paragraph 4 states:

Request for a more Definite Statement
Civil No. 26-1101 (SCC)

> 3DNS is a Delaware corporation with its principal place of business located at 261 Davenport Road, Toronto, Ontario, M5R 1K3, Canada. It operates an on-chain domain registrar and provides infrastructure enabling websites to function across both Web2 and Web3 environments.
> **See, Docket No. 1, paragraph 4.**

Note that 3DNS does not identify itself as a member. The remaining parties in the Complaint are identified as member of WOW.

Paragraph 24 states:

> As part of these discussions, 3DNS and Defendants also agreed that 3DNS would be granted units in WOW.

**See, Docket No. 1, paragraph 24.**

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(e), a party may move for a more definite statement of a pleading which is so vague or ambiguous that the party cannot reasonably prepare a response. Such motions are appropriate where the complaint fails to provide sufficient clarity regarding key factual allegations. FRCP 12(e).

## III. ARGUMENT

**A. Inconsistency Between Paragraphs 4 and 24**

Paragraph 4 of the Complaint alleges that 3DNS, Inc. is the entity bringing this action and is the party to the alleged contractual relationship. **It does not identify itself as a member of WOW, contrary to the rest of the identified parties**. However, Paragraph 24 alleges that membership units in WOW.AI LLC were issued in the

Request for a more Definite Statement
Civil No. 26-1101 (SCC)

name 3DNS. These allegations create ambiguity as to whether Plaintiff or Mr. Gauvreau is the real party of interest with respect to the rights and obligations arising from the alleged agreements.

This inconsistency is material because it affects Defendants' ability to determine: (i)If 3DNS is alleging that it is a member of WOW; (ii)who the proper contracting party was; (iii) whether Plaintiff has standing to assert the claims; and (vi) the nature of any fiduciary or ownership interests relevant to the dispute. It is crucial for the appearing party's ability to properly respond to the Complaint to know if 3DNS is alleging as a member of WOW or not.

## B. Prejudice to Defendants

Because of this ambiguity, Defendants cannot reasonably admit, deny, or otherwise respond to the Complaint's allegations concerning the contractual relationship, ownership interests, or entitlement to damages. Nor can Defendants assess potential defenses relating to agency, trust relationships, or fiduciary duties without clarification of these fundamental issues.

## C. Relief Requested

Defendants respectfully request that the Court order Plaintiff to amend its Complaint or provide a more definite statement clarifying: (1) whether 3DNS is the actual beneficial owner of the WOW membership interest; (2) the exact nature of any trust or

Request for a more Definite Statement
Civil No. 26-1101 (SCC)

agency relationship alleged; and (3) the identity of the party that entered into the purported agreements and is entitled to enforce them.

**WHEREFORE,** WOW.AI and Mr. Richard Latona respectfully request the Honorable Court to take notice of the above stated and grant an extension of 30 days, or until June 14, 2026, for the undersigned attorneys to investigate the facts of the case and to file the appearing parties' responsive pleading.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and order Plaintiff to provide a more definite statement pursuant to Rule 12(e).

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico, this 12th day of June 2026.

/S MIGUEL J. ORTEGA NÚÑEZ
Attorney for Mr. Rick Latona
USDC NO. 220609

ORTEGA, LLC
VIG Tower
1225 Ave. Ponce de Leon
Suite 1504
San Juan, PR 00907

Request for a more Definite Statement
Civil No. 26-1101 (SCC)

mortega@orlegalgroup.com
Tel. (787) 558-5446