## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **3DNS, INC.,**<br><br>Plaintiff<br><br>v.<br><br>**WOW.AI LLC, RICHARD LATONA, AND SCOTT WALKER,**<br><br>Defendants | CIVIL NO. 26-1101 (SCC)<br><br>RE: **BREACH OF CONTRACT, DAMAGES, TORT, UNJUST ENRICHMENT.** |

## OPPOSITION TO DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT

**COMES NOW** Plaintiff 3DNS, Inc. ("3DNS"), by and through undersigned counsel, and respectfully submits this Opposition to WOW.AI LLC's ("WOW's") Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e) (the "Motion") on the ground that the Complaint sets forth a clear, detailed, and fully intelligible statement of claims allowing Defendants to frame a responsive pleading.

## INTRODUCTION

This is an action for breach of contract and resulting damages or, alternatively, for unjust enrichment predicated on Defendants' failure to pay for software development services rendered by 3DNS pursuant to an oral agreement, as subsequently amended. See Docket No. 1.

On June 12, 2026, WOW filed the Motion, contending that there is a purported inconsistency between paragraphs 4 and 24 of the Complaint regarding 3DNS's relationship to membership units in WOW and the identity of the real party in interest. See Docket No. 21. According to WOW, that alleged inconsistency precludes it from reasonably admitting, denying, or otherwise responding to the Complaint. Id.

WOW's Motion lacks merit, and appears to be an attempt to delay and derail these proceedings.  To begin, the Complaint is not vague or ambiguous.  Rather, it states in no uncertain terms that, while the WOW units were issued in the name of Paul Gauvreau,[1] he would hold them in trust for 3DNS. See Docket No. 1, ¶ 25; see also ¶ 24. Moreover, the issuance of the units is not put at issue in the Complaint. Thus, the Motion is a strawman.

In short, far from presenting any pleading deficiency, the Complaint lays out a coherent and detailed factual narrative describing the parties, the nature of the agreement between them, the performance rendered by 3DNS, the partial payments made, and Defendants' subsequent breach. Specifically, the Complaint alleges **(a)** the identity of all parties, including 3DNS, WOW, and the individual defendants, along with their roles and relationships (Docket No. 1, ¶¶ 4-10); **(b)** the formation of an oral contract pursuant to which 3DNS agreed to provide software development services in exchange for monthly payments (id. ¶¶ 13-21); **(c)** subsequent amendments to that contract, namely, the 2024 Amendment and the 2025 Amendment, which modified the scope of work and compensation structure (id. ¶¶ 22-26, 30-32); **(d)** 3DNS's full performance of its contractual obligations by providing development resources and services (id. ¶ 34); **(e)** Defendants' partial performance, including the issuance and payment of multiple invoices totaling hundreds of thousands of dollars (id. ¶ 31); and **(f)** Defendants' breach, consisting of their failure to pay $687,700 in outstanding invoices for services rendered between February and June 2025 (id. ¶¶ 36-38).

These allegations, in turn, provide sufficient detail to allow Defendants to admit or deny each allegation and assert any available defenses. Accordingly, for the reasons discussed in more

---

[1] Mr. Gauvreau is a director of 3DNS. See Docket No. 1, ¶ 13.

2

detail below, 3DNS respectfully requests that the Court deny WOW's Motion for a More Definite Statement.

## DISCUSSION

### A. Relief Under Rule 12(e) is Disfavored and Unwarranted Here.

A defendant may move for a more definite statement when a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). However, in cases where, as here, a pleading is "sufficiently clear to advise the defendants of the claims being brought against them," a more definite statement is not required. MacKenzie v. Pfizer, Inc., Civil Action No. 20-11550-NMG, 2021 WL 7451166, at *4 (D. Mass. Jan. 11, 2021). Overall, "[t]he rule 'is designed to remedy unintelligible pleadings, not merely to correct for lack of detail.'" Id. (quoting Kahalas v. Schiller, 164 F. Supp. 3d 241, 248 (D. Mass. 2016)).

Here, WOW's Motion does not identify any allegation that it cannot admit or deny. See Docket No. 21. Instead, WOW seeks clarification of a discrete factual point that is precisely the type of request that may be addressed through discovery but not through Rule 12(e). See Castillo v. SEIU 32BJ New England, Civil Action No. 20-11220-ADB, 2020 WL 5237698, at *1 (D. Mass. Sept. 2, 2020) (citations omitted) (holding that Rule 12(e) motions are also "disfavored 'in light of the availability of pretrial discovery procedures.'"). On this basis alone, this Court should deny WOW's Motion. See Rivera-Quinones v. BMJ Foods, Inc., No. CV 15-2732(GAG/SCC), 2016 WL 697794, at *1 (D.P.R. Feb. 19, 2016) (denying motion for more definite statement because the complaint gave adequate notice of plaintiffs' claims and allowed the defendants to formulate a responsive pleading); see also LaLonde v. Textron, Inc., 369 F.3d 1, 6 & n.10 (1st Cir. 2004)

(explaining that a Rule 12(e) motion is proper where the allegations are not specific enough to place the responding party on notice "of the nature of the charges it faces").

**B. The Alleged Inconsistency Does Not Create Ambiguity**

WOW's Motion hinges entirely on an alleged inconsistency between paragraphs 4 and 24 of the Complaint. According to WOW, the Complaint is ambiguous as to whether 3DNS or its director, Paul Gauvreau, holds or is beneficially entitled to membership units in WOW, and therefore fails to clearly identify the proper party in interest. See Docket No. 21; see also Docket No. 1, ¶¶ 4 and 24.

First, WOW's argument fails at the threshold.  WOW asserts that "Paragraph 24 alleges that membership units in WOW.AI LLC were issued in the name [sic] 3DNS." Motion at 2-3. Actually, the Complaint alleges that "3DNS would be granted units in WOW.  Although the paperwork memorializing this agreement reflected that such WOW units were issued in Mr. Gauvreau's name, the understanding and agreement was that Mr. Gauvreau would hold those units in trust for 3DNS." Docket No. 1, ¶¶ 24-25. Thus, there is no conceivable ambiguity as to ownership or beneficial entitlement. Paragraph 25 makes clear that 3DNS is the beneficial owner of such units.

Second, the Complaint consistently alleges that 3DNS entered into an agreement with the Defendants, provided the services contemplated thereunder, and is owed payment from the Defendants, including WOW. See Docket No. 1. Accordingly, there is no ambiguity as to who asserts the claims, who performed under the contract, or who seeks relief.

Third, even if such ambiguity existed, which is not the case, it is immaterial to WOW's ability to respond to the Complaint. Again, 3DNS's claims stem from Defendants' failure to pay for services rendered, ssnot from any dispute regarding membership interests in WOW.

Lastly, to the extent WOW believes it has non-frivolous defenses based on standing or otherwise, it may raise them through the appropriate procedural vehicle. However, WOW's reliance on Rule 12(e) to compel 3DNS to allege facts beyond what Rule 8 requires is improper.

<strong>CONCLUSION</strong>

The Complaint provides a detailed, coherent, and readily understandable account of the parties' contractual relationship and Defendants' breach. It fully satisfies Rule 8 and falls far short of the "so vague or ambiguous" standard required under Rule 12(e). WOW's Motion does not identify any real ambiguity that precludes it from responding to the Complaint.

**WHEREFORE**, Plaintiff 3DNS, Inc. respectfully requests that the Court deny WOW's Motion for More Definite Statement.

**IT IS HEREBY CERTIFIED** that, on this same date, a true copy of the foregoing was filed through the court's CM/ECF system, which will generate a notice to all CM/ECF participants in this case.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 13th day of July, 2026.

**McCONNELL VALDÉS LLC**
270 Muñoz Rivera Avenue
Hato Rey, PR 00918,
PO Box 364225
San Juan, Puerto Rico 00936-4225
Telephone: (787) 250-9292

*s/Roberto C. Quiñones-Rivera*
Roberto C. Quiñones-Rivera
USDC-PR No. 211512
rcq@mcvpr.com

s/*Daniel J. Pérez-Refojos*
Daniel J. Pérez-Refojos
USDC-PR No. 303909
dpr@mcvpr.com